# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CORY MCCANN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:18-CV-04105-MDH |
| ) | |
| CAREERBUILDING EMPLOYMENT ) | |
| SCREENING, LLC ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

Before the Court is Defendant's Motion to Dismiss the Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Plaintiff has not alleged any facts that, even if accepted as true, could allow the Court to draw a reasonable inference that the Defendant is liable for violating the Fair Credit Reporting Act (FCRA), the Court will grant the Defendant's Motion and Dismiss the Plaintiff's Complaint.

**I.    BACKGROUND**

The facts are assumed to be as pled by Plaintiff for the purposes of this motion. On or about January 10, 2018, Defendant, a credit reporting agency (CRA) under the FCRA, provided a report concerning the Plaintiff to his employer which contained information regarding a pending criminal charge in Kansas. (Doc. 1-1). The report stated that Plaintiff had been charged on one count of "Burglary; Non-Dwelling to Commit Felony, Theft or Sexually Motivated Crime – Felony". (Doc. 15-1). Plaintiff had indeed been charged under Kansas Statute § 21-5807(a)(2), which reads in full:

> "Burglary is, without authority, entering into or remaining within any . . . building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein[.]"

Plaintiff does not dispute that this charge was pending when Defendant made its report.

Upon learning of this pending criminal charge, Plaintiff's employer came under the impression that Defendant had been charged with a sexually-motivated crime. (Doc. 1-1). Plaintiff was required by his employer to obtain proof that he was not charged with a sexually-motivated crime, forcing him to trek to Leavenworth, Kansas, and pay for records proving he had instead been charged under the "theft" part of the statute. *Id.*

Defendant filed a motion to dismiss plaintiff's complaint, arguing as a matter of law that its report was accurate and compliant with 15 U.SC. § 1681e(b) of the Fair Credit Reporting Act. (Doc. 14).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The reviewing court must read the complaint as a whole rather than

analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. ANALYSIS

#### A. § 1681e(b) of the Fair Credit Reporting Act

Plaintiff alleges that Defendant, by issuing a report stating that Plaintiff had been charged on one count of "Burglary; Non-Dwelling to Commit Felony, Theft or Sexually Motivated Crime – Felony" violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act, which states:

> "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

To proceed on a 1681e(b) claim, a Plaintiff must usually allege that their report contained a factual inaccuracy. *Doyle v. Trans Union, Delaware*, 638 Fed.Appx. 559 (8th Cir. 2016) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156-57 (11th Cir. 1991). Alternatively, they may allege that the CRA did not use "reasonable procedures to assure maximum accuracy," leading to a report that is misleading even if technically true. *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C. Cir. 1984). The reasonableness of a procedure is usually a trial question unless the reasonableness or unreasonableness of the procedure is beyond question. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 663 (7th Cir. 2001). Section 1681e(b) does not require CRAs to examine every computer-generated piece of information that serves as a basis for its report for anomalies without notice of prevalent unreliable information from that source. *Sarver v. Experian Information Solutions*, 390 F.3d 969, 972 (7th Cir. 2004). To establish that a report is misleading, a Plaintiff must show the information is "open to an interpretation that is directly contradictory to the true information." *Wagner v. TRW, Inc.*, 139 F.3d 898, 1998 WL 127812, at *1 (5th Cir. 1998) (per curiam).

### B. Application

### I. Defendant's Report Was Neither Untrue Nor Misleading

In the instant case, Plaintiff has not made a facially plausible argument that the report was either technically untrue or misleading. As a starting point, Defendant's report accurately summarized the statute under which Plaintiff had been charged. Because of its technical accuracy, Plaintiff relies on the argument that the report was misleading because it contained the words "sexually motivated crime", allegedly creating the appearance that Plaintiff was a sexual predator. However, the text of KSA § 21-5807(a)(2) does not accuse those charged under of being sexual predators. It merely lists the intention to commit a "sexually motivated crime" as one of three elements that, when combined with a burglary, could lead to a felony burglary charge. Similarly, Defendant's background report only lists "sexually motivated crime" as one of three possible reasons the Plaintiff committed the alleged burglary. Although Defendant's report does not quote the criminal statute *verbatim*, it fairly and accurately encompasses the basic elements of the statute. Most importantly, it does not represent "sexually motivated crime" to be anything more than the text of the statute itself represents it to be—one of three possible intents a person must have to be charged with the crime of felony burglary.

It is unfortunate that Plaintiff's employer interpreted the text of KSA § 21-5807(a)(2) how it did. However, Plaintiff's grievance more appropriately lies with the Kansas Legislature than with Defendant. Whether a statute is well-worded or not, it is fundamentally not misleading for a CRA to accurately report and accurately summarize the language of a statute under which an individual has been charged. Defendant's report, which accurately states the criminal statute under which Defendant has been charged, does not directly contradict any true information.

Consequently, and even accepting Plaintiff's factual allegations as true, the Court cannot draw reasonable inferences that allow the possibility that Defendant's report was untrue or misleading. As a result, Plaintiff has not stated a claim upon which relief can be granted.

## II.     Defendant's Procedure Was Reasonable

Assuming the Defendant's information was misleading or inaccurate, Plaintiff would still have to articulate a facially plausible argument that Defendant did not use a reasonable procedure to assure maximum possible accuracy. *Koropoulos*, 734 F.2d at 40. Key to this argument is whether Defendant's obligation to use a "reasonable procedure" creates a duty to investigate the specific criminal acts which led to the pending charge, or whether it could rest on Leavenworth County's reporting of the statute that Plaintiff allegedly violated. Defendant's procedures must be judged according to what a reasonably prudent person would do under the circumstances. *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982). This has been described by the Eighth Circuit as a negligence standard. *Hauser v. Equifax Inc.* 602 F.2d 811, 814 (8th Cir. 1979). A review of the case law shows that the scope of the Defendant's duty does not extend to investigating the specific criminal acts of Plaintiff.

In *Hauser*, the Eighth Circuit held that the FCRA does not hold CRAs strictly liable for inaccuracies in a report. *Id*. Instead, the inaccuracy must result from the agency's failure to follow reasonable procedures to assure maximum possible accuracy. *Id.* at 814-15. In *Hauser*, Plaintiff argued in part that Equifax's failure to personally interview him as part of their investigation amounted to a failure to comply with this reasonable procedure requirement. *Id.* at 816. The Court disagreed, stating that "[T]he Fair Credit Reporting Act does not require the subject of an investigative consumer report be interviewed[.] *Id. Hauser* discredits the notion that the scope of a CRAs duty encompasses absolute accuracy or personal interviews with subjects in every case.

The holding in *Sarver* cuts against the notion that CRAs have a duty to investigate beyond public records. In *Sarver v. Experian Information Solutions*, Lloyd Sarver was denied bank credit after Experian inaccurately reported that he had filed for bankruptcy. 390 F.3d at 970. In reality, it was another Lloyd Sarver, from an entirely different state, who had become bankrupt. *Id.* Despite this plain inaccuracy, the Court concluded that "given the complexity of the systems and the volume of information involved, a mistake does not render the procedures unreasonable." *Id.* at 972. Critically, it further held that "In the absence of notice of prevalent unreliable information from a reporting lender, which would put Experian on notice that problems exist, we cannot find that such a requirement to investigate would be reasonable given the enormous volume of information Experian processes daily." *Id.* The Court in *Sarver* also rejects Plaintiff's contention that § 1681e(b) asks for "each computer-generated report be examined for anomalous information and, if it is found, an investigation be launched." *Id.* at 972.

*Sarver* is easily analogized to the instant situation. In a similar context, Courts have considered court dockets a presumptively reliable source of information. *Henson v. CSC Credit Services*, 29 F.3d 280, 285 (7th Cir. 1994) ("We . . . hold that, as a matter of law, a credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a court's Judgment Docket, absent prior notice from the consumer that the information may be inaccurate.") *See also Poore v. Sterling Testing Systems, Inc.*, 410 F.Supp.2d 557, 571 (E.D. Ky., 2006) (holding criminal reports may not be presumptively relied upon when the source is a private vendor). Even assuming the court records here are inaccurate, Plaintiff nowhere alleges that Defendant was on notice that the court-provided source it used to compose its report contained "prevalent unreliable information." Consequently, Defendant cannot have a duty to investigate beyond it.

In *Ridenour v. Multi-Color Corp.*, Ridenour alleged that the defendant CRA did not use reasonable procedures when gathering criminal records because it derived inaccurately summarized information from the reporting jurisdiction and did not verify the information was complete and up to date. 147 F.Supp.3d 452, 458-59 (E.D. Va. 2015). The CRA filed a 12(b)(6) motion to dismiss the complaint. The Court denied the 12(b)(6) motion, ruling that Ridenour had pled sufficient facts to state a claim. In that case, however, the CRA's report was alleged to be missing the date, nature, disposition, and other basic information about the crime, while also completely misclassifying a traffic offense as a criminal offense. *Id.* at 455. The situation as pled by Plaintiff is very different here. First, Plaintiff does not allege Defendant's report is out of date. Second, Defendant does allege that Defendant got the basic facts of the criminal charge wrong. Taken together, the instant case is easily distinguished from *Ridenour*, where Plaintiff alleged gross inaccuracies that did far more than create alleged ambiguities in the content of the report.

Plaintiff does not cite to any authority asserting that the FCRA imposes a duty to investigate a criminal charge beyond the contents of the online court docket and the text of the implicated criminal statute. Plaintiff relies on *Pinner v. Schmidt*, where the Court upheld a jury verdict against a CRA for in part not having a reasonable procedure for verifying the accuracy of its reports. 805 F.2d 1258 (5th Cir. 1986). In that case, a CRA report on Pinner noted that litigation between him and a creditor was pending, leading to the mistaken impression that he was delinquent on a debt. *Id.* at 1261. In reality, Pinner was the one trying to recover from the creditor. *Id.* The Court held that the CRAs failure to resolve this ambiguity was fatal to its claim that it used a reasonable procedure. *Id.* at 1262-63.

However, *Pinner* is inapposite to the instant case. For one thing, in *Pinner*, the CRA relied on information from Pinner's creditor, whereas in this case, Defendant relied on information from

a county court, a disinterested source. *Id.* at 1260. In addition, the CRA in *Pinner* was on notice of the dispute between Pinner and his creditor. *Id.* at 1261. When CRAs are aware of disputes between consumers and creditors, they are required to take additional steps to re-verify their information. 15 U.S.C. § 1581i. The Court's determination that a reasonable procedure was not followed was premised on the CRA's failure to re-verify its information in light of Pinner giving notice. *Id.* at 1262-63 ("It would have been a simple matter to prevent this ambiguity, particularly in light of Chilton's knowledge of Pinner's dispute with Sherwin-Williams."). In the instant case, Plaintiff nowhere alleges that he put Defendant on notice of its alleged mistake until the commencement of this litigation.

The most critical distinction, however, is that Pinner asked for relief in light of an ambiguity created by CRA agents. The Plaintiff in the instant case asks for much more. Specifically, Plaintiff asks for relief because Defendant failed to correct an alleged ambiguity created entirely by the text of a duly enacted state law. The Court is not aware of any case that expands the scope of Defendant's duty so broadly as to require it to parse and interpret the text of state statutes. It is easy to see why, for such a duty would profoundly alter the nature of a reporting agency under the FCRA, transforming them from intermediary reporters of third-party information into agencies with a duty to originate information—to undertake tasks like interpreting criminal statutes and subjectively deciding how best to describe them. Section 1681e of the Fair Credit Reporting Act does not support such a result.

Finally, Plaintiff does not offer an alternative reasonable procedure that would have corrected the allegedly misleading statement that provoked his complaint. From his pleadings, we know that Plaintiff traveled to Leavenworth, Kansas, and paid to obtain documents clarifying the nature of his felony burglary charge. There is no question that it is unreasonable to ask Defendant

to dispatch agents to county courthouses and other record depositories every time a pending charge is discovered in order to make individualized inquiries concerning every person charged with a crime.

Altogether, Plaintiff offers no convincing legal support to make a facially plausible argument that Defendant had a duty to investigate beyond the online court docket and the relevant criminal statute, absent any allegation that Defendant was on notice of its alleged mistake or was aware of prevalent unreliability in its information source. Even accepting Plaintiff's factual allegations as true, the Court cannot draw reasonable inferences that allow the possibility that Defendant's procedure was unreasonable. As such, Plaintiff has not stated a claim upon which relief can be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. 14). Plaintiff's Complaint is dismissed in its entirety and with prejudice.

**IT IS SO ORDERED.**

DATED: August 20, 2018

                                            */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**